Mary E. Gaffney, as Administratrix, etc., of Richard Gaffney, Deceased, Appellant, v. New York Consolidated Railroad Company, Respondent.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas and Rich, JJ., concurred; Carr, J., not voting.

In the Matter of the Guardianship of Ernest A. Heins and Meta M. Heins, Infants. Anna H. Moldenke and Others, as Trustees, etc., Appellants; Meta K. Jewell, as Temporary Guardian, etc., Respondent.— Order of the Surrogate's Court of Westchester county modified so as to provide that, . beginning January first, the trustees shall pay to the general guardian, in the manner directed by the order, the sum of $300 per month, and the guardian shall render a detailed account to the surrogate up to the 1st of May, 1915, as soon thereafter as the account may be prepared, to the end that the surrogate may at that time scrutinize the items of disbursements, and determine whether the allowance should be still further reduced, or whether the necessities of the children require an increase thereof; and the order as so modified is affirmed, without costs. Jenks, P. J., Burr, Thomas, Rich and Putnam, JJ., concurred.

Frank Keenan, Respondent, v. Alexander Milk, Appellant. — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Thomas, Rich and Putnam, JJ., concurred.

Michael J. Kennedy, as Executor, etc., Plaintiff, v. Patrick H. Flynn and Others, Respondents, Impleaded with Charles E. Teale and Joseph F. Coffey, as Administrators, etc., Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The order cannot be sustained on either ground stated by the Special Term in its opinion, which is incorporated in the order by reference. The record does not disclose inexcusable laches exclusively attributable to the moving parties, their predecessor or the testator, or that irreparable injury will be suffered by the opposite parties. Either, if not both, of these elements should be present when the court is besought to deny the application of the representatives of a deceased party to continue the prosecution of an action where the cause of action survives. (*Pringle* v. *Long Island R. R. Co.*, 157 N. Y. 100, 103.) This action may properly be terminated by resort to usual procedures: (a) A judgment after a trial of the issues; (b) a judgment upon the dismissal of the complaint for neglect to proceed if the defendants show themselves entitled to this relief. Burr, Thomas, Rich, Stapleton and Putnam, JJ., concurred.

Mary La France, Respondent, Appellant, v. The City of New York, Appellant, Respondent.— Judgment affirmed, without costs. No opinion. Jenks, P. J., Burr, Thomas and Rich, JJ., concurred; Carr, J., not voting.

John C. Mead and Max Zagat, Respondents, v. William J. Henchey and Bartholomew F. Carmody, Appellants.— Order affirmed, with ten dollars costs and disbursements, with leave to defendants to answer upon the